UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RICHARD PAUL,

                        Plaintiff,

      v.

CREDIT COLLECTION SERVICES,

                        Defendant.
-----------------------------------------------------------X

**FILED**
**CLERK**
2:27 pm, Sep 18, 2020
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
17-CV-4060 (SJF) (AYS)

FEUERSTEIN, District Judge:

    Defendant has moved for reconsideration of this Court's order of September 9, 2019, *see* Minute Entry, Docket Entry ("DE") [54], denying Defendant's motion for sanctions. *See* Motion, DE [58]. For the reasons stated below, the motion for reconsideration is granted, and upon reconsideration, the Court adheres to the prior decision.

**I. BACKGROUND**

    Familiarity of the facts of this case is assumed. In brief, Plaintiff commenced this action alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The claim arose from a telephone call between Plaintiff's representative, Wanda Frazier, and Defendant during which Defendant's agent "deceptively stated that the account could not be found and refused to take the Plaintiff[']s dispute over the phone but rather told him he needed to send it in writing." *See* Complaint ¶23, DE [1-2].

    Defendant has raised concerns regarding the conduct of Plaintiff's former counsel, Edward Geller. When Plaintiff failed to appear for his deposition, Geller sought leave to withdraw, citing his client's failure to communicate with him. *See* DE [23]. Defendant did not oppose the motion to withdraw, but moved for sanctions against Geller for fees and costs it incurred to defend a "ghost" complaint. *See* DE [28]. As this Court noted in a previous order,

> Defendant argues that "Mr. Geller, apparently, had absolutely no contact with his client, Mr. Paul" throughout the entire time the case has been pending. Defendant believes this case arises from a "call baiting scheme" where a third-party initiates a call to a collection firm and attempts to lure the firm's representative into a technical violation that can serve as a basis for an FDCPA claim. *See* Def. Letter, DE [21]. If the defendant vigorously defends the case and seeks to depose the plaintiff or the plaintiff's representative, the case is withdrawn. Defendant has provided a list of cases that seemingly follow the pattern. *See id.,* Ex. A.

Order of 3/4/19, DE [39]. Counsel's motion to withdraw was granted and Defendant's motion for sanctions was denied without prejudice for failure to provide any evidentiary proof to support its allegations of Geller's misconduct. *Id.*

On July 29, 2019, Defendant renewed its motion for sanctions, which it filed as a motion for reconsideration, seeking an award of fees and the costs of defending the action against Plaintiff, his counsel Geller, or M. Harvey Rephen and Associates, P.C. (the "Rephen firm) "for bringing and maintaining the instant action in bad faith and for the purpose of harassment."[1] *See* Motion, DE [47]. Defendants argued, *inter alia,* that Geller was not in contact with his client "in any meaningful way," that Paul was never Geller's client, and that Plaintiff and his counsel "never planned to litigate the merits of this case." Defendant Memorandum of Law in Support at 3, DE [48]. In support of its motion, Defendant submitted, *inter alia,* the pleadings in this case as well as copies of decisions involving Geller rendered by judges in three (3) other matters in this District. In addition, Defendant's counsel, Lori Quinn, submitted an affidavit detailing a telephone conversation she had on May 21, 2019 with Paul, who by then was noted on the docket as a *pro se* litigant. Affidavit of Lori J. Quinn, DE [48-10]. Quinn told Paul that "there is a lawsuit filed on behalf of Mr. Paul against [Defendant]" and advised him that "counsel had

---

[1] Defendant had previously sought to reinstate its original motion but the Court directed filing of a new motion in light of developments that had taken place subsequent to the original filing. *See* Elec. Order of 5/22/19.

2

filed a Motion to Withdraw as Counsel which was granted." *Id.* ¶¶4-5. Quinn asked Paul a series of questions that elicited responses that Paul: (1) "did not file any lawsuit and has no attorneys representing him in a lawsuit," and knows of no suit filed in his name against Defendant, *id.* ¶¶6, 12; (2) does not know attorneys Rephen or Geller or the Rephen firm, *id.* ¶¶7-9; (3) knows and has spoken with Wanda Frazier who was supposedly going to try to fix his credit, but that he did not sign any papers, had not heard anything further from her and had not spoken to her in about one year. *Id.* ¶¶14-16. Quinn told Paul that she would like to obtain a statement from him; however, no sworn statement from Paul has ever been provided to the Court.

In response to the sanctions motion, Geller provided a Retainer Agreement between Richard Paul and the Rephen firm signed and dated by Paul on March 16, 2017. Response Ex. A, DE [49-1]. The first paragraph of the Retainer Agreement provides, *inter alia,* that "[y]ou authorize [the Rephen firm] to utilize and work in conjunction with outside counsel to litigate your case and represent you anywhere in the United States." *Id.* Geller testified at a deposition that he works on retainer with the Rephen firm and that he received the Paul case from the Rephen firm. Deposition of Edward Geller ("Geller Dep.") at 13, DE [48-11]. Geller signed the Complaint as "Of Counsel" to the Rephen firm. *See* Complaint at 7. Geller further testified he never met Paul in person, but spoke with Paul directly once or twice. Geller Dep. at 36. He was unable to provide any details regarding when those calls took place. *Id.* at 46. Geller stated that he made unsuccessful efforts by phone and by mail to reach Paul prior to his deposition. *Id.* at 37. Paul's failure to communicate with counsel was the basis for the motion to withdraw.

At a proceeding held on September 9, 2019, this Court denied the motion for sanctions for lack of evidentiary support, noting that there was no affidavit from Plaintiff. Order, DE [54];

3

Tr. of 9/9/19 at 2, DE [59-1]. On October 22, 2019, Plaintiff's claim was dismissed for failure to prosecute and the case was closed. *See* Minute Entry of 10/22/19, DE [57]. On November 1, 2019, Defendant filed the instant motion to reconsider the denial of its motion for sanctions. Motion, DE [58].

## II. LEGAL STANDARDS

"Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local [Civil] Rule 6.3." *U.S. v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, N.Y.,* 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014). A motion for reconsideration shall set forth "concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civil Rule 6.3. The motion must be served "within fourteen (14) days after the entry of the Court's determination of the original motion…" *Id.*

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Grounds for reconsideration exist only when the movant "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation and citation omitted). Reconsideration is not, however, "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits or otherwise taking a second bite at the apple." *Analytical Surveys,* 684 F.3d at 52 (internal quotation marks, alterations, and citation omitted). Motions for reconsideration are committed to the sound discretion of the district court. *See Belfiore v.*

4

*Procter & Gamble Co.,* 140 F. Supp. 3d 241, 245 (E.D.N.Y. 2015); *Hunt v. Enzo Biochem, Inc.,* No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007).

### III.   DISCUSSION

#### A.      The Motion is Untimely

Defendant seeks reconsideration of a motion decided on September 9, 2019; thus, to be timely, any motion to reconsider that decision had to have been filed by September 23, 2019. No such motion was filed. During a conference held on October 22, 2019, defense counsel orally requested that this Court reconsider its decision on the motion for sanctions, *see* Tr. of 10/22/19 at 2, DE [59-2], and the fully briefed motion seeking reconsideration, was ultimately filed on November 1, 2019. Defendant argues that its delay was excusable because Paul did not appear at the September 9, 2019 proceeding and an Order to Show Cause was issued directing Paul to appear on October 22, 2019, and therefore, "[t]he instant motion would have been premature if filed prior to the October 22, 2019 conference." Defendant's Memorandum of Law in Support ("Def. Mem.") at 9, DE [59]. The Court disagrees. It is clear from the docket that the motion resolved by the Court at the September 9th conference was the motion for sanctions against counsel. DE [47]. Defendant never sought an extension of time to move for reconsideration of the decision for any reason. Moreover, at the proceeding on October 22, 2019, defense counsel acknowledged that she had not made a motion for reconsideration, Tr. of 10/22/19 at 2, but did not supply any reason for the delay much less the reason advanced now.

#### B.      Basis for Reconsideration

Despite the motion's untimeliness, the Court will address Defendant's two arguments in support of this motion. The first contention arises from this Court's mistaken reference to the motion on the record as one for contempt rather than for sanctions. *See* Tr. of 9/9/19 at 2. Defendant suggests, based solely on this misstatement, that the Court erroneously decided the

5

motion under standards for a motion for contempt rather than for sanctions. Despite the mischaracterization of the motion, the Court had considered the fully briefed motion and was completely aware of the basis for the motion and the parties' arguments. The suggestion that the Court used the wrong standard has no basis in fact. There has been no motion for contempt filed in this case and it is clear from the docket that the motion resolved by the Court at the September 9th conference was the motion for sanctions, DE [47].

Defendant's alternative basis for the relief sought is that the Court "overlooked defendant's arguments and case law relied thereon in support of the relief sought pursuant to [1]5 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, and this Court's inherent authority," and that Defendant's failure to provide an affidavit from Plaintiff was not a sufficient basis to deny the motion. Def. Mem. at 9.

Section 1927 allows the court to impose costs, expenses, and reasonable attorneys' fees against an attorney who "multiplies the proceedings in any case unreasonably and vexatioously." 28 U.S.C. §1927. To impose sanctions under this section, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Kim v. Kimm,* 884 F.3d 98, 106 (2d Cir. 2018) (internal quotation marks and citation omitted). The court may also impose sanctions under its inherent powers against a party or attorney "who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Ransmeier v. Mariani,* 718 F.3d 64, 68 (2d Cir. 2013) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). As a practical matter, awards made under § 1927 and the court's inherent powers differ only in that the former may be imposed only against attorneys or other persons authorized to practice before the courts while the latter may be levied against a party as

6

well as an attorney. *See Enmon v. Prospect Cap. Corp.,* 675 F.3d 138, 143 (2d Cir. 2012). Finally, the FDCPA provides that "on a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3).

Imposition of sanctions under any of the cited statutes requires a finding of bad faith on the part of Geller.[2]  The Court reviewed the evidence and determined that there was an insufficient basis for a finding of bad faith on the record presented.[3]  Defendant has provided no additional evidence or argument warranting disturbance of that finding.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration, DE [58], is granted, and upon reconsideration, the Court adheres to its prior decision.

**SO ORDERED**.

/s/ *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
       September 18, 2020

---

[2] Although the motion for sanctions is ostensibly directed at Plaintiff or his counsel, it is clear from Defendant's submissions that the motion is targeted at Geller. *See generally* Def. Mem. at 13-14; *see also* Tr. of 10/22/19 at 2 (defense counsel explicitly asked this Court to "reconsider our motion for sanctions," noting that it was a motion for "[s]anctions against attorney Geller").  In any event, Defendant has provided neither evidence nor argument to support the imposition of sanctions against either Plaintiff or the Rephen firm.

[3] This is not to say that this Court is unconcerned about the allegations made here or that it condones the manner in which Geller appears to conduct his practice.  Indeed, the Court expressly advised Geller "to approach these cases differently than he has in the past." Tr. of 9/9/19 at 2.